**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 30 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KENNETH AARON SHINEDLING, Guardian Ad Litem for A.L.S, A.C.S and A.A.S.; et al.,

Plaintiffs-Appellees,

v.

SUNBEAM PRODUCTS, INC., a Delaware Corporation,

Defendant-Appellant.

No.    15-56891

D.C. No. 5:12-cv-00438-CJC-SP

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted May 12, 2017
Pasadena, California

Before:  KOZINSKI and OWENS, Circuit Judges, and WILKEN,[**] Senior District Judge.

1.    Viewing the evidence in the light most favorable to plaintiffs, substantial

evidence supports the jury's finding that Sunbeam Products, Inc.'s warnings were

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Claudia Wilken, United States Senior District Judge for the Northern District of California, sitting by designation.

inadequate to alert plaintiffs of the fire risks associated with the space heater, particularly the danger of using the heater while sleeping. *See Jackson v. Deft, Inc.*, 273 Cal. Rptr. 214, 223 (Ct. App. 1990) ("In most cases . . . the adequacy of a warning is a question of fact for the jury."); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008).

2.　　Regarding bystander damages, there is substantial evidence that the girls were "present at the scene of the injury-producing event at the time it occur[red] and [were] then aware that it [was] causing injury to the victim." *Thing v. La Chusa*, 771 P.2d 814, 815 (Cal. 1989). The jury was able to find that the girls could have had "very little doubt" that their mother was "in the house that [they] saw engulfed in flames." *In re Air Crash Disaster Near Cerritos, California, On Aug. 31, 1986 (Estrada)*, 967 F.2d 1421, 1425 (9th Cir. 1992). As in *Estrada*, "[t]he injury-producing event was the fire," and the girls were not required to be aware of its cause. *Id.*; *see also Fortman v. Förvaltningsbolaget Insulan AB*, 151 Cal. Rptr. 3d 320, 329 n.4 (Ct. App. 2013).

3.　　Finally, substantial evidence supports the amount of emotional distress damages awarded to the girls, and the district court did not abuse its discretion by denying Sunbeam's motion for a new trial based on excessive damages. *See Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 435-36 (1996); *Toscano v. Greene Music*, 21 Cal. Rptr. 3d 732, 736 (Ct. App. 2004) (Under California law,

"[t]he amount of damages . . . is a fact question committed to the discretion of the trial judge on a motion for new trial; an award of damages will not be disturbed if it is supported by substantial evidence.").

**AFFIRMED**.